UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD RAY LUCAS                                                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:06CV-P220-S

CENTRAL STATE HOSPITAL *et al.*                                                    DEFENDANTS

MEMORANDUM OPINION

Plaintiff Donald Ray Lucas, a prisoner currently incarcerated at the Kentucky State Reformatory, filed a *pro se* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

I.

The complaint is vague and confusing. In the caption, Plaintiff asserts that this is a class action lawsuit, and he lists the following Defendants: Central State Hospital; Unit 6 Staff of Treatment Team; John and Jane Does; Dr. Smith; Social Worker Tirsha; Unit B Treatment Team; Dr. Myers; Social Worker LeeAnn; Probation Officers Mike McCann and William (Bill) Stone; Letha Stewart, who runs a halfway house; Todd, owner of "Western Hostal" and Clark Property; and Tim and Sally, who run "Western Hostal."

According to Plaintiff, "All these people violated my rights [because] they are all lia[]rs and crooks." He states that Central State sent him to Letha Stewart's halfway house, where "it was a living hell," and he reports that although he paid $300.00 a month in rent, the lights were sometimes low, food would run out, and people would steal things. Plaintiff claims that "Ms. Stewart is a wolf in sheep clothing," who allegedly told lies in an attempt to get him locked up, and Probation Officer Mike McCann believed her. Plaintiff was apparently sent to Central State but was then sent to "Western Hostal," where he was required to pay rent even though he had no

money. He states, "Sally and Tim knew I had no money . . . . [and t]hey were on my back alot about money when it came for rent to be due." Plaintiff reports that Sally and Tim would not fix anything, would not even let him use a mop, and had Probation Officer "Stone lock [him] up on lies." Plaintiff contends, "All these people are all crooks and trying to cover it up by putting me in jail on lies!"

As relief, Plaintiff seeks $80.5 million from each Defendant and wants each Defendant to lose his or her job for violating his civil rights. He wants Defendant Todd to let him have the Western Hostal building, and he wants Defendant Letha Stewart's halfway house shut down and for her to lose her preacher's license and company to him. Finally, he also requests a lawyer.

## II.

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations

contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.

As a preliminary matter, despite Plaintiff's designation of this action as a class action lawsuit, he wholly fails to allege, much less demonstrate, that he has met the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(a) (permitting class action only if four requirements are met: numerosity, commonality, typicality, and adequacy of representation).[1] Any request for class certification must be denied.

As to the substance of the complaint, Plaintiff alleges that Defendants are liars and crooks trying to cover up their actions by putting him in jail. He fails, however, to identify any federal law under which he is bringing this action. Rather, he only broadly claims a violation of his "civil rights." To the extent that some of the Defendants are state actors, he may be attempting to bring an action under 42 U.S.C. § 1983. Even if the Court construed the action as being brought under § 1983, Plaintiff fails to identify any specific constitutionally protected or statutorily created right which he claims has been violated. And based on the limited facts provided by Plaintiff, the Court, even under the most liberal construction of the complaint, can discern no action on the part of any Defendant which violates federal law. In fact, many of the Defendants are named only in the caption and are not mentioned elsewhere in the complaint.

---

[1]*See also Palasty v. Hawk*, No. 00-5840, 2001 WL 857209, at *2 (6th Cir. June 20, 2001) ("[N]o representative party was available because pro se prisoners are not able to represent fairly the class."); *Giorgio v. State of Tenn., Dep't of Human Servs. of Nashville and Jefferson County*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); *Holmes v. Mich. Dep't of Corr.*, No. 85-1464, 1986 WL 18651, at *2 (6th Cir. Oct. 1, 1986) (listing published circuit and district court cases holding that "pro se prisoners are not adequate class representatives able to fairly represent the class").

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**IV.**

For the foregoing reasons, the instant action will be dismissed for failure to state a claim upon which relief may be granted. Because the action will be dismissed, the request for counsel will be denied. The Court will enter an Order consistent with this Memorandum Opinion.

Should Plaintiff wish to initiate an action in this Court in the future, he should use a court-supplied form. The Clerk of Court is directed to send a copy of a § 1983 form and a copy of a general complaint form to Plaintiff.

Date:

cc: Plaintiff, *pro se*
4411.005